## E. F. NOEL v. H. L. HOOKER.

Instructions.

It is error to refuse to give instructions conditioned upon the facts adduced from the evidence.[1]

Deed of Trust — Amount Expressed — Purchase Price.

A deed of trust is security only for the amount expressed in same, and where such amount is not in full satisfaction of the purchase price of that which it covers, there can be no cause of action which seeks to subject the property to its terms for the unpaid balance.[2]

A replevin suit was instituted in the justice court of Holmes county for the recovery of a mule in the possession of appellant. The mule in controversy was covered by a deed of trust to appellee for $40 for supplies advanced, and for such other supplies as might be advanced during the year 1884, to one Burwell Willis, to whom the mule was sold prior to the execution of the deed of trust. A second deed of trust was given appellant on the mule. Evidence was offered showing that the amount of the trust deed to appellee was paid. The price of the mule was not embraced in this trust

---

[1]

It will not make an instruction bad, which is otherwise unobjectionable, that a fact is assumed in it to exist, which is fully established by the proof, and about which there is no contradiction in the evidence. Lamar v. Williams, 39 Miss. 342; Heirn v. McCaughan, 32 Miss. 17.

Nor will it be error to assume the existence of a fact, which is conceded on the trial by both parties. Cook v. Whitfield, 41 Miss. 841.

An instruction beginning, "Although it may appear, from the evidence, that defendant has been unable to account for the $1,000 sued for in this action," was erroneous, where the question whether the defendant had ever received the money was a fact in issue, as assuming that the $1,000 had been receievd, and is not cured by an accurate legal statement in the last clause thereof. Coleman v. Adair, 75 Miss. 660, 23 So. 369.

An instruction which assumes certain facts to be proved is not erroneous where such facts were testified to by witnesses for both parties and are not contradicted. Alabama & V. Ry. Co. v. Phillips, 70 Miss. 14, 11 So. 602.

[2]

A deed of trust given to secure purchase money on the land bought and "the crop * * * to be raised by us" during the succeeding year embraces the crop on no other land than that conveyed. Pettis v. Sullivan, 21 So. 607.

deed, which was executed after the sale of the mule by appellee. Instructions asked for and refused for defendant were as follows:

" The court instructs the jury that whatever Burwell Willis might have owed Carrie Webster previous to April 11, 1884, only $40 of such amount is secured by the deed of trust through which complainant claims, and if such $40 and all subsequent advances and merchandise under said deed of trust have béen paid, then they will find for defendant."

From a judgment for plaintiff defendant appeals.

APPEALED from Circuit Court, Holmes county, C. H. CAMP-BELL, Judge.

Reversed and remanded, April 26, 1886.

*Attorneys for appellant, Gwin & Noel.*

*Attorneys for appellee, Hooker & Wilson.*

Brief of Gwin & Noel:

* * * The chief error complained of, and the one which we confidently expect a reversal, is that, neither according to the terms of the deed of trust nor any other agreement of the parties, was the price of the mule made a part of the indebtedness secured by the deed of trust, and that the indebtedness of $40 for supplies already advanced, and the supplies thereafter advanced, were admittedly more than paid for. * * *

The court refused to instruct the jury that the payment of the $40 on supplies advanced, up to the time of giving the deed of trust, and the payment of all supplies and merchandise thereafter advanced, would satisfy the deed of trust and entitle appellant to a verdict; and instructed the jury, on behalf of appellee in one instruction, that the execution of the deed of trust by Willis imposed upon all persons having dealings with him the duty to go to the beneficiary and ascertain the amount of indebtedness it secured prior, as well as subsequent, to the execution of the deed of trust, and, in another, that, if they believed the mule was sold to Willis at $160 at any time prior to the institution of this suit, and that the same was not paid for, appellee was entitled to recover.

* * * In Jones on Mortgages it is said that " The amount of an ascertained debt should be stated." The antecedent portion of the debt secured in this case was or could have been ascertained. The same work declares in section 34 : " But when it is attempted to describe the debts secured, to entitle a debt to the benefit of the security, it must come fairly within the terms used in the mortgage." * * *

Brief of Hooker & Wilson :

* * * As to the only point discussed by counsel. The pecuniary condition of Willis, his tenancy, his dependency on his landlord for everything, that he owed for the mule, as well as for supplies, were all known to Noel long before he bought the mule. To say that he was a purchaser for value without notice, every legitimate inference from the acts and conduct of the parties must be set aside. The relations and dealings of the parties were such, and so well known to the defendant, that he was put on inquiry. All that is necessary in any mortgage is enough to put parties on inquiry. Although a deed of trust may not have any amount mentioned, or the wrong amount, still it will be good for the amount properly due against subsequent purchasers, because it puts them on inquiry. This matter is discussed by Mr. Jones in his work on Mortgages, who says, in section 344, that it is *generally* held to be sufficient if it appear that a debt is secured and the amount of it may be ascertained by reference to other instruments or by inquiry otherwise. There can be no question as to the amount Burwell owed, for he admits it all except about $5 or $6. The mule was as much supplies as anything else, and its price protected by the deed of trust. It makes no difference under the authorities if the amount is erroneously stated; it served to put the parties on inquiry, and they are charged with notice of everything to which that inquiry would have conducted them. We refer the court to Jones on Mortgages, § 343 *et seq.* for a discussion of the description of the debt.

The instructions granted fairly present this idea, that the mentioning of the amount does not conclude the parties. It is absolutely binding upon neither, but the true amount due and secured can always be shown, and that parties dealing with the property, as attempted by defendant, must make their inquiries at the proper source. · The instructions asked for by the defendants attempted

to hold the deed of trust as security only for the exact amount specified.  *  *  *

OPINION.— ARNOLD, J., delivered the opinion of the court:

The price of the mule in controversy was not embraced in the deed of trust from Burwell Willis to Carrie Webster. Both of these parties testify that the mule was sold to Willis prior to the execution of the deed of trust. By its terms the deed of trust was security only for $40 advanced before its execution, and supplies and merchandise to be advanced after that time, during the year 1884. If the $40 previously advanced and the supplies and merchandise subsequently advanced were paid, then the deed of trust was satisfied, and appellee had no cause of action, and the instructions asked by appellant to this effect should have been given.

*Reversed.*